**UNITED STATES of America,**

v.

**David ALVAREZ, Defendant.**

**No. 04–CR–681 (DRH).**

United States District Court,
E.D. New York.

Jan. 10, 2005.

Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Central Islip, NY, By Sondra M. Mendelson, A.U.S.A., for the Government.

Federal Defender Division, Central Islip, NY, By Tracey L. Eadie Gaffey, Esq., for Defendant.

### MEMORANDUM AND ORDER

HURLEY, District Judge.

Pending before the Court is a motion by David Alvarez ("Alvarez" or "defendant") to quash a grand jury subpoena *ad testificandum* served upon a third-party.

### BACKGROUND

On May 31, 2004, a Suffolk County Police Officer stopped a car being driven by defendant for his purported failure to make a right hand turn signal. Defendant was accompanied by two passengers, viz. his fiancee, Eteacha Hart ("Hart") and her young child.

The government contends that defendant, when asked by the officer for identification, provided a false name. During further investigation at the scene, the officer discovered defendant's true identity, that he was driving with a suspended license, and that there were two outstanding warrants for his arrest. Upon discovery of the open warrants, defendant was placed under arrest. After an apparent cursory incidental search of the car, it was released to Hart who then drove to her nearby apartment.

While defendant was being processed at the local precinct, he placed a telephone call to Hart. During the ensuing conversation, an officer overheard defendant instruct Hart to remove a firearm from under the car's hood. After hearing that direction to Hart, the arresting officer, together with a second officer, quickly responded to Hart's residence and, upon

spotting the vehicle, lifted the hood and discovered the firearm. That weapon is the subject of the current indictment charging defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

On November 17, 2004, defendant filed a motion to suppress. In support of that motion, Alvarez submitted a declaration, under penalties of perjury, stating that "[he] told the person on the other end [of the telephone line] to take [his] compact discs and any other items ... [he] may have left in the car, out of the car before the car was returned to the person from whom [he had] borrowed it." *See* Alvarez Decl. Attached to Not. of Motion Seeking to Quash Subpoena at ¶ 3. The government claims that above statement in Alvarez's declaration is false and was intended to obstruct the pending Section 922(g)(1) prosecution.

On November 23, 2004, a grand jury subpoena was issued to Hart. The instant motion to quash followed.

### Defendant's Position

"Alvarez moves to quash the subpoena on the ground that the government is attempting to abuse the grand jury process by 'utiliz[ing] a grand jury subpoena for the sole or dominating purpose of preparing an already pending indictment for trial.'" Tracey L. Eadie Gaffey, Esq. Decl. in Supp. of Motion to Quash at 2. After recognizing that "'there is a presumption that a post indictment subpoena has a proper purpose,'" defendant opines that, at the very least, the "'sequence of events', that is the timing of this subpoena, 'demonstrat[es] an irregularity' which renders this subpoena improper." *Id.* at 3 (citations omitted).

In defendant's view, "[w]hat the government is saying in reality is, because what David Alvarez has said conflicts with what the police claim, he must be lying, therefore we will use the grand jury against him." Def.'s Reply re. Motion to Quash, unnumbered pages 3–4.

### The Government's Position

"The Government seeks to have [Hart] testify before the grand jury because the Government is considering whether to seek additional charges against the defendant," (Gov't's Mem. Opp'n to Motion to Quash at 2), specifically an "obstruction of justice [charge] based upon his false declaration." *Id.*, 3–4.

Although there was some initial confusion as to whether the grand jury investigation is focusing on a possible "obstruction of justice" sentencing enhancement under USSG § 3C1.1, as distinct from an additional criminal charge, it became clear at oral argument on December 21, 2004, and via post-hearing submissions, that the latter is the case. Which is to say, the grand jury "is investigating whether ALVAREZ violated 18 U.S.C. § 1512(c)(2) by submitting a false declaration in an attempt to obstruct, influence or impede his current Federal prosecution." [1] Gov't's Dec. 30, 2004 Letter Br. in Opp'n to Motion to Quash at 2.

### DISCUSSION

In opposing defendant's motion to quash, the government advances two arguments: (1) Alvarez lacks standing to challenge the subpoena issued to Hart, and (2) that, in any event, Alvarez has not demonstrated that an improper motive caused its issuance. Of course, if either of the government's arguments is correct, defen-

---

1. The government indicates that it is also investigating a possible violation of 18 U.S.C. Section 1512(c)(1), based upon Alvarez's instruction to Hart to conceal the firearm. Gov't's Dec. 30, 2004 Letter Br. in Opp'n to Motion to Quash, n. 2.

dant's motion to quash must be denied. Therefore, the Court will only address one of the two arguments, that being the grand jury's motive in issuing the subpoena.

The defense acknowledges, as it must, that the grand jury has a right to issue post indictment subpoenas and that such subpoenas are presumptively valid. Gaffey Decl. Supp. of Motion to Quash at 3. *See generally United States v. R. Enterprises, Inc.*, 498 U.S. 292, 300–01, 111 S.Ct. 722, 112 L.Ed.2d 795 (1991); *United States v. Sasso*, 59 F.3d 341, 352 (2d Cir. 1995)("There is a presumption that such a subpoena had a proper purpose.").

In seeking to meet its burden of proof (*United States v. Leung*, 40 F.3d 577, 581 (2d Cir.1994)), and overcome the presumption of validity, the defense unconvincingly maintains that the term " 'official proceeding' means each discrete proceeding before the Court" such as an "actual investigation," "grand jury action," "a bail hearing," or "a trial." Def.'s Jan. 4, 2005 Letter Br. at 2. The defense cautions that were it otherwise, so that "the entire Federal prosecution [was deemed to be] the 'official proceeding,' the government could take the position that they could investigate a not guilty plea as an obstruction of the process." *Id.*

Section 1515 of Title 18 U.S.C. simply provides: "(a) as used in Section 1512 ... of this title ...—(1) the term official proceeding means (A) a proceeding before a judge or court of the United States, ..., or a Federal grand jury ...." An official proceeding includes not only the discrete parts of a criminal prosecution cited by defendant, but also the sum of those parts. Acceptance of defendant's argument to the contrary would run counter to the language and purpose of Section 1512, and in the process, produce some bizarre results. Under defendant's theory, for example, a defendant who prevented a prospective government witness from being available for the trial via intimidation during the pretrial part of the case, rather than during the trial itself, could not be investigated, no less charged, with obstruction of justice. Surely, a fair reading of the federal law on obstruction of justice, including the Section 1515 definition of "official proceeding," would not sanction such a result.

Defendant's related argument—that if Alvarez may legitimately be investigated for a possible violation of Section 1512(c)(2), then any defendant entering a not guilty plea could be investigated and possibly further prosecuted solely by virtue by his plea—is similarly flawed. A plea of not guilty gives practical significance to the presumption of innocence and puts the government to its burden of proof which, of course, it may or may not be able to carry. That is a far cry from a defendant or other individual intentionally providing materially false information, under penalties of perjury, for the purpose of misleading the Court. While a not guilty plea simply frames the issue for trial, the latter type of declarations may legitimately expose the declarant to a prosecution for obstruction of justice.

With respect to defendant's argument that the timing of the current subpoena evidences the impropriety underlying its issuance, that argument rests on pure speculation. That the issuance occurred post indictment, standing alone, proves nothing. And while the existence of a conflict between a defendant's sworn statement and that of a police officer usually does not trigger a grand jury investigation, atypicality alone is not a bar to such action.

## CONCLUSION

Defendant has failed to articulate facts (as distinct from conclusory assertions), no less prove, that the subpoena *ad testificandum* served upon Hart was improperly

issued by the grand jury. Accordingly, the Court will not address the defendant's alternate argument in opposing the relief sought, to wit, that Alvarez lacks standing to make the present motion.

For the reasons indicated, defendant's motion to quash is denied.

SO ORDERED.